Matter of Yarusso v New York City Police Dept. (2020 NY Slip Op 07308)





Matter of Yarusso v New York City Police Dept.


2020 NY Slip Op 07308


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Index No. 155945/18 Appeal No. 12555 Case No. 2019-4852 

[*1]In the Matter of Richard Yarusso, Petitioner-Appellant,
v
New York City Police Department et al., Respondents-Respondents.


Law Office of Thomas Torto, New York (Thomas Torto of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jonathan A. Papolow of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered on or about May 30, 2019, denying the petition to annul respondents' determination, dated February 26, 2018, which rejected petitioner's application for reinstatement to the New York City Police Department (NYPD), and granting respondents' cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Administrative Code of City of NY § 13-254(a) provides that respondent "board may, and upon his or her application shall, require any disability pensioner, under the minimum age or [*2]period for service retirement elected by him or her, to undergo medical examination," and if the board concludes that he or she "is able to engage in a gainful occupation," it certifies the pensioner to "the appropriate civil service commission," which places the pensioner "as a preferred eligible on such appropriate lists of candidates as are prepared for appointment to positions for which [the pensioner] is stated to be qualified." Under the board's reasonable interpretation of that provision, its authority to reinstate a disability pensioner is limited to members under the age of 55 or who have not reached the service retirement contribution period (20 0r 25 years) they elected upon joining the pension fund.
Here, it is undisputed that when petitioner joined the NYPD in February 1994, he elected a minimum service retirement period of 20 years, and that when he requested reinstatement to the NYPD, whether measured from his first request in 2015 or his formal request to the board in 2018, he was no longer under the minimum 20-year period for service retirement elected by him. Accordingly, as the article 78 court correctly found, respondent board's denial of his request for reinstatement was a rational determination based on the statutory authority providing that it lacked jurisdiction to reinstate petitioner under the circumstances presented (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County , 34 NY2d 222, 230-231 [1974]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020